In re MILO BUTTERFINGER'S, INC., Debtors.

Bankruptcy No. 397–33534–SAF–11.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Dec. 2, 1997.

Jeffrey B. Resnick, Dallas, TX, for Two Down, Inc.

Joyce W. Lindauer, Dallas, TX, for Debtor.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

Two Down, Inc., moves the court for the allowance and payment of an administrative claim based upon providing a substantial contribution to the estate. The debtor, Milo Butterfinger, Inc., opposes the motion. The

court conducted a hearing on the motion on November 4, 1997.

The determination of an administrative expense to be paid by a bankruptcy estate constitutes a core matter over which this court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(A),(B),(O) and 1334. This memorandum opinion contains the court's findings of fact and conclusions of law required by Bankruptcy Rules 7052 and 9014.

Section 503(b) of the Bankruptcy Code provides that, after notice and a hearing, the court shall allow as administrative expenses the actual, necessary expenses incurred by a creditor in making a "substantial contribution" in a Chapter 11 case. In addition, the court shall allow reasonable compensation for the creditor's attorney in making the substantial contribution. 11 U.S.C. § 503(b)(3)(D) and (b)(4). Services that make a substantial contribution are those which "foster and enhance, rather than retard or interrupt the progress of reorganization." *In the Matter of DP Partners Ltd. Partnership*, 106 F.3d 667, 672 (5th Cir. 1997). "The phrase 'substantial contribution' in section 503 means a contribution that is 'considerable in amount, value or worth.'" *Id.* at 673. The court should not diminish the benefits conferred, if any, by the creditor's motivation. But the court, on a case by case basis, must "weigh the cost of the claimed fees and expenses against the benefits conferred upon the estate which flow directly from those actions." *Id.*

Two Down became a creditor of the debtor when it purchased an unsecured claim of $811.00. Two Down filed its notice of transfer of claim on August 27, 1997. As the Fifth Circuit instructs, the bankruptcy court must apply the plain meaning of the statute. *DP Partners*, 106 F.3d at 671. Section 503(b) substantial contribution provision applies only to creditors and their attorneys. Two Down therefore may not assert an administrative claim for fees and expenses incurred before it entered this case as a creditor on August 27, 1997.

Two Down purchased the claim to attempt to acquire the debtor's family-owned business. The debtor intended to file a plan of reorganization that would pay creditors in full over time. But the debtor did not file a plan during its exclusivity period, in significant part, because of personal problems faced by the debtor's counsel. On August 27, 1997, Two Down filed a plan that would pay unsecured claims at 20% over 36 months with no interest or a pro-rata share of $20,000. On September 8, 1997, the debtor filed its plan. The debtor proposed to pay claims in full over time, except that claims of less than $1,000 would be paid in full on the effective date of the plan. Two Down, under that plan, would have been paid in full on the effective date.

In September, Two Down, Inc.'s counsel contested a dismissal motion filed by the United States Trustee, conducted a Bankruptcy Rule 2004 examination of the debtor's principal and reviewed the debtor's plan. Ned Smith, the debtor's principal, meanwhile, in response to the efforts by Two Down to acquire the business and the mounting contested nature of the case, raised funds to permit an all cash plan. On September 22, 1997, the debtor filed its amended plan providing for the payment of all non-insider claims in cash in full on the effective date of the plan.

After the debtor filed its amended plan, Two Down continued its efforts to contest the debtor's reorganization efforts. Two Down objected to the debtor's disclosure statement while developing its own amended plan. On October 8, 1997, Two Down filed its amended plan. Faced with Two Down's continued efforts to defeat the debtor's amended plan and prosecute its own amended plan, Smith decided the costs of continued Chapter 11 proceedings outweighed the benefits and moved the court, on October 7, 1997, to accept his all cash payments to non-insider creditors and then dismiss the case.

The court granted the debtor's motion to dismiss upon payment in full of all non-insider claims not otherwise resolved by agreement. The court held the dismissal order until Two Down could prosecute its motion for an administrative claim.

The Fifth Circuit instructs that the court may not question Two Down's motiva-

tion but must instead analyze its actions to determine whether those actions caused or resulted in a considerable improvement in the estate in amount, value or worth. *DP Partners,* 106 F.3d at 673. Thus, the Fifth Circuit, in effect, instructs that a stranger to a bankruptcy case interested in acquiring the debtor's business may shift its marketplace business costs and risks to a bankruptcy estate by purchasing a claim, however small, and then making a substantial contribution to the estate. From August 27, 1997, the date that Two Down formally entered the case as the holder of a claim and began its plan efforts, until the debtor filed its amended plan on September 22, 1997, Two Down's activities resulted in a substantial contribution to the estate. With Two Down competing for the debtor's business, Smith had to secure funding to amend the debtor's plan from payment of claims in full over time to payment in cash on the effective date of the plan. That improvement in treatment resulting from the competition by Two Down, which was prepared to prosecute its own plan, constitutes considerable value to the non-insider creditors. Payment in full in cash on the effective date of a plan is considerably better for a creditor than a plan contracting to pay the claims over time.

From formally entering the case as a holder of a claim on August 27, 1997, to receipt and analysis of the debtor's amended plan, based on Two Down's counsel's time entry dated September 24, 1997, counsel spent 29.9 hours on Two Down's efforts, totaling fees of $3,552.00. Those fees were reasonable under the lodestar analysis, which the Fifth Circuit directs the court to apply. 106 F.3d at 674. Two Down through counsel incurred actual out of pocket expenses in that time of $31.20. Reasonable costs to present this motion totaled $500.00. That totals actual, necessary expenses in making the substantial contribution of $4,083.20.

■ After September 22, 1997, however, Two Down's continued efforts to contest the debtor's plan and prosecute its own plan did not add further considerable value. With a

motion to dismiss made in response to the continued costs of litigation, the debtor elected to pay creditors in cash as soon as the court authorized the payments. The motion expediting the process resulted in a change of only 60 to 90 days, accounting for the confirmation process. After September 22, 1997, Two Down's activities did not add considerable benefit to the creditors. Two Down spent $6,108.00 on counsel's efforts beginning with counsel's time entry on September 25, 1997, through October 8, 1997. On October 7, 1997, the debtor filed a joinder to the pending motion of the United States Trustee to dismiss the case. The debtor proposed to pay all non-insider claims in full with the dismissal. The timing of the payment in cash from the effective date to the dismissal date did not add considerable value to the estate. Two Down's efforts after September 22, 1997, to pursue its agenda did not add considerable value to the estate and accordingly does not meet the substantial contribution requirement. The $6,000 cost of Two Down's efforts to pursue its plan did not produce a considerable value to the creditors who already stood to be paid in full in cash on the effective date. Certainly, the earlier cash payment added a benefit but that additional benefit was not considerable when measured against the costs claimed by Two Down.

Although the Fifth Circuit in *DP Partners* stated that the policy aim of authorizing fee awards to creditors is to promote meaningful creditor participation in the reorganization process,[1] the Court further instructed that nevertheless the bankruptcy court must scrutinize a creditor's motion for an administrative expenses on a case by case basis. *DP Partners,* 106 F.3d at 673. Two Down can only obtain an administrative expense to the extent that its actions actually conferred a substantial benefit on the creditors. After conferring that benefit, Two Down's continued efforts primarily advanced its agenda without adding a further considerable amount, value or worth to the estate.

---

1. This court does not necessarily agree that the policy to encourage creditor participation applies to third persons who post-petition purchase a claim from a creditor. Under that situation, the creditor at the petition date has been satisfied and is no longer a participant in the case.

Based on these findings of fact and conclusions of law,

**IT IS ORDERED** that the motion for an administrative expense of Two Down, Inc., is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Two Down, Inc., is awarded an administrative expense pursuant to 11 U.S.C. § 503(b)(3)(D) and (4) of $4,083.20.

The court will enter the order of dismissal upon certification of the payment of this administrative expense.